IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL CHRUPALYK,<br>*Petitioner,*<br><br>v.<br><br>KEVIN KAUFFMAN, *et al.*,<br>*Respondents.* | CIVIL ACTION<br>NO. 19-0047 |

# ORDER

**AND NOW**, this 20th day of July 2020, upon consideration of Russell Chrupalyk's petition for a writ of habeas corpus (ECF No. 2), Respondents' Response in Opposition (ECF No. 20), Chrupalyk's reply (ECF No. 31), and the Report and Recommendation of U.S. Magistrate Judge Richard A. Lloret (ECF No. 36), to which no objections were filed, it is **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Lloret is **APPROVED** and **ADOPTED**[1];

---

[1] When no objection is made to a report and recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). No clear error appears on the face of the record.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Absent statutory or equitable tolling, it generally begins to run when a petitioner's judgment becomes final. *See id*. For Chrupalyk, this was on January 18, 2009. However, he filed his pro se federal habeas petition on December 26, 2018. (ECF No. 1.) Neither statutory nor equitable tolling are available to remedy his untimely filing.

The Pennsylvania Superior Court affirmed Chrupalyk's conviction on April 29, 2008. The Pennsylvania Supreme Court denied his petition for allowance of appeal and he never petitioned the U.S. Supreme Court for a writ of certiorari. Instead, on February 10, 2011, Chrupalyk filed a self-represented petition pursuing collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). The PCRA court dismissed his petition as untimely.

2. Chrupalyk's petition for a writ of habeas corpus is **DENIED** and **DISMISSED** with prejudice by separate Judgment filed contemporaneously with this Order. *See* Fed. R. Civ. P. 58(a); *see also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

3. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because

---

Chrupalyk timely filed a pro se appeal and the Pennsylvania Superior Court determined the lower court erred in not holding an evidentiary hearing regarding his mental competence during the time for filing his PCRA petition. After a hearing including a clinical and forensic psychologist's testimony that Chrupalyk suffered from paranoid schizophrenia, the PCRA court denied relief, finding he had not shown "he was mentally incompetent and remained incompetent throughout the period during which his right to file a PCRA petition lapsed." *Commonwealth v. Chrupalyk*, No. 440 EDA 2017, at 7 (Ct. Com. Pl. Phila. Cnty. Apr. 13, 2017). The Pennsylvania Superior Court affirmed this decision. *Commonwealth v. Chrupalyk*, No. 440 EDA 2017, 2018 WL 3997372 (Pa. Super. Ct. Aug. 21, 2018). Chrupalyk did not petition the Pennsylvania Supreme Court to allow an appeal.

Because Chrupalyk's PCRA petition was untimely, it is not considered properly filed and does not permit statutory tolling of the limitations period for his habeas claims. *See Pace v. Diguglielmo*, 544 U.S. 401, 417 (2005) ("Because the state court rejected petitioner's petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Equitable tolling likewise fails to save Chrupalyk's habeas petition. It is available only where a petitioner shows that (1) "some extraordinary circumstance stood in [petitioner's] way and prevented timely filing," and (2) "he has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). Chrupalyk has not presented clear and convincing evidence sufficient to rebut the state court's determination that he did not show his mental illness prevented him from timely filing a PCRA petition between January 2009 and January 2010. *See* 28 U.S.C. § 2254(e)(1). Accordingly, his mental competence is not an extraordinary circumstance that justifies equitable tolling. In addition, Chrupalyk has not shown the "reasonable diligence" required for equitable tolling. *Id.* at 652. He waited more than two years after his judgment became final before filing his PCRA petition and then, after the Superior Court dismissed his petition as untimely, he waited over four months to file his federal habeas petition. His actions do not constitute reasonable diligence. *See, e.g. Pace*, 544 U.S. at 419 (finding the petitioner's claims could not be equitably tolled where he waited years before filing a PCRA petition and then "sat on them for five more months after his PCRA proceedings became final before deciding to seek relief in federal court").

Even if the Court could reach the merits of Chrupalyk's claim – that his counsel was ineffective, he would not prevail. Federal habeas review is not available to the extent he asserts a freestanding claim for ineffective assistance of his PCRA counsel. *See* 28 U.S.C. § 2254(j). To the extent he seeks to challenge his trial counsel's effectiveness, his claim is procedurally defaulted and unreviewable as a similar ineffective assistance of trial counsel claim in his original PCRA petition was rejected as untimely, presenting an independent and adequate state ground for denying his claim. *See Cox v. Horn*, 757 F.3d 113, 119-20 (3d Cir. 2014); *see also Chrupalyak*, 2018 WL 3997372, at *1.

"the applicant has [not] made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 1153(c)(2), since he has not demonstrated that "reasonable jurists" would find the Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Cepero*, 224 F.3d 256, 262-63 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012), and;

    4.    The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.