IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL CHRUPALYK, *Petitioner,* <br><br> v. <br><br> KEVIN KAUFFMAN, *et al.*, *Respondents.* | CIVIL ACTION <br> NO. 19-0047 |

**PAPPERT, J.**                                                               **February 22, 2022**

## MEMORANDUM

Russell Chrupalyk moves under Federal Rule of Civil Procedure 60(b)(6) to reopen the July 2020 judgment denying and dismissing with prejudice his Petition for Writ of Habeas Corpus. The Court denies his motion.

### I

#### A

In 2005, Chrupalyk was convicted of two counts of first-degree murder, criminal solicitation and criminal conspiracy and sentenced to life imprisonment. The Pennsylvania Superior Court affirmed his conviction in 2008. *Commonwealth v. Chrupalyk*, 953 A.2d 825 (Pa. Super. Ct. 2008). The Pennsylvania Supreme Court denied his petition for allowance of appeal, 959 A.2d 927 (Pa. 2008), and he never petitioned the U.S. Supreme Court for a writ of certiorari. Instead, in 2011, Chrupalyk filed a self-represented petition pursuing collateral relief under Pennsylvania's Post Conviction Relief Act. The PCRA court dismissed his petition as untimely.

Chrupalyk timely filed a pro se appeal and the Superior Court determined the lower court erred when it did not hold an evidentiary hearing to determine whether his

failure to timely file a PCRA petition was due to incompetence. *See* No. 1686 EDA 2012, 2013 WL 11276228 (Pa. Super. Ct. Apr. 4, 2013). On remand, after a hearing including a clinical and forensic psychologist's testimony that Chrupalyk suffered from paranoid schizophrenia, the PCRA court denied relief. It found he had not shown "he was mentally incompetent and remained incompetent throughout the period during which his right to file a PCRA petition lapsed." *Commonwealth v. Chrupalyk*, No. 440 EDA 2017, at 7 (Ct. Com. Pl. Phila. Cnty. Apr. 13, 2017).

The court explained that "psychiatric notes introduced at the hearing indicated that [Chrupalyk] was given antipsychotic medication in March of 2008" and there was no record he suffered from mental health concerns again until September 2009, when he "complained of hearing voices, was given inpatient treatment for three days, then returned to the general prison population." *Id.* at 6-7 (citations omitted). After that, there were no records to show Chrupalyk had further psychiatric concerns until October 2010. (*Id.*) The testifying psychologist Dr. Dattilio explained that schizophrenia, Chrupalyk's diagnosed condition, "is chronic, could go into remission for as long as one year, and is affected by his medication." (*Id.*)

The Superior Court affirmed the PCRA court's post-remand decision to deny post-conviction relief. *Commonwealth v. Chrupalyk*, No. 440 EDA 2017, 2018 WL 3997372 (Pa. Super. Ct. Aug. 21, 2018). Chrupalyk did not petition the Pennsylvania Supreme Court to allow an appeal.

B

In January 2019, ten years after his conviction became final, Chrupalyk filed a federal habeas petition. (ECF 2.) In it, he alleged his PCRA counsel was ineffective for

2

not having convinced the PCRA court to excuse his PCRA petition's untimeliness because of his schizophrenia. (ECF 2 at 7.) Magistrate Judge Richard A. Lloret recommended dismissal because the habeas petition was filed beyond the expiration of the statute of limitations and its untimeliness could not be remedied by statutory or equitable tolling. (ECF 36.)

Chrupalyk did not file objections to the Report and Recommendation and the Court approved and adopted it on July 20, 2020. (ECF 37 and 38.) The Court agreed with the R&R's conclusion that habeas relief was not required because Chrupalyk's untimely PCRA petition could not be saved by statutory or equitable tolling. (ECF 37 and 38.) The Court also explained that, even if it could have reached the merits of Chrupalyk's claim that his counsel was ineffective, he would not have prevailed. (*See* ECF 37 at 2.)

II

Federal Rule of Civil Procedure Rule 60(b) permits litigants to obtain relief from a final judgment in the event of: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; or (6) "for any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing Fed. R. Civ. P. 60(b)(6)). Only "extraordinary circumstances" warrant relief under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "A movant, of course, bears the burden of establishing" the required circumstances. *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Chrupalyk must show that "without such relief, an extreme and unexpected

3

hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (citations omitted). Such a showing "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

### III

Chrupalyk contends his mental illness is the extraordinary circumstance justifying Rule 60(b)(6) relief. (*See* ECF 41 at 14-15.) He argues Dr. Dattilio's testimony that he "was frequently floridly psychotic and had limited intellectual capacity" supports the conclusion that he was "unable to timely file a PCRA in state court." (*Id.* at 14.) Dr. Dattilio opined that Chrupalyk suffers from "a significant mental illness known as paranoid schizophrenia." (Testimony of Dr. Frank M. Dattilio, Nov. 4, 2016 PCRA Evid. Hr'g Tr., ECF 41-1 at 27:4-8). But "the existence of a serious illness" alone is not an extraordinary circumstance. *Wallace v. Mahanoy*, 2 F.4th 133, 145 (3d Cir. 2021). As Chrupalyk acknowledges, incompetence is not per se a reason to toll a statute of limitations. (ECF 41 at 14) (citing *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000); *see also Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001). To be an extraordinary circumstance, Chrupalyak's mental health "must have affected [his] ability to seek relief in some way." *Wallace*, 2 F.4th at 144.

Dr. Dattilio testified that Chrupalyk's "pervasive chronic illness" was one "that waxes and wanes." (ECF 41-1 at 127:12-13.) He explained that a person with Chrupalyk's diagnosis could go into remission for six months, eight months or even a year and that Chrupalyk had periods of remission when he could have pursued his post-conviction remedies. (*Id.* at 61:5-9; 62:9-12.) He acknowledged that it is a "murky illness" in terms of when Chrupalyk was clear-headed enough to participate in his legal

proceedings and when he was not. (*Id.* at 133:7-134:14.) The state court considered Dr. Dattilio's testimony and made a factual determination, presumed to be correct, that Chrupalyk had not shown his competence was impaired "throughout the period during which his right to file a PCRA petition lapsed." No. 440 EDA 2017, at 7. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.").

Chrupalyk has not produced any evidence about his competence during the time he should have filed his PCRA petition that has not already been considered and rejected as a reason for tolling the PCRA's rigid time bar. Rule 60(b)(6) cannot transform a diagnosis that was not an extraordinary circumstance requiring equitable tolling under 28 U.S.C. § 2254 (ECF 37, n.1) into an extraordinary circumstance that requires the Court to reopen Chrupalyk's habeas proceedings.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.